UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL HAYES,

    Plaintiff,

v.

                                        Case No. 2:24-cv-12734
                                        Hon. Denise Page Hood

NOAH NAGY,

    Defendant.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

Carnell Hayes, who is presently confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

### I.

The case is before the Court for screening under the PLRA. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the PLRA, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Similarly, the court is required to dismiss a

1

complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on

any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.

The complaint asserts that on May 18, 2024, a corrections officer at Plaintiff's facility sexually harassed him by opening a shower curtain and viewing him while he was nude. (ECF No. 1, PageID.6.)

Plaintiff filed a grievance against the officer for sexual harassment. On June 10, 2024, a prison counselor and assistant deputy warden rejected the grievance on the basis that Plaintiff did not attempt to resolve the dispute. (*Id.*, PageID.7.) Plaintiff appealed to Defendant Noah Nagy, the warden of his facility, but Defendant upheld the rejection on August 5, 2024. Defendants' findings state in full: "The Step I rejection had been reviewing by the Warden's Office in accordance with PD 03.02.130, Prisoner/Parolee Grievances. This had been investigated under AIM #49433. The Step I rejection upheld at Step II." (*Id.* PageID.21.) A further appeal was rejected by the MDOC central officer on August 27, 2024. (*Id.*, PageID.17.)

Plaintiff asserts that he has suffered PTSD symptoms due to the incident in the shower. He seeks "1.5 million in damages, hardships, and mental suffering from Warden Noah Nagy['s] official part in covering up this matter." (*Id.*, PageID.8.)

3

## III.

In order to state a claim for relief for a constitutional violation under § 1983, a plaintiff must "allege that the defendants were personally involved in or responsible for the alleged deprivation of his federal rights." *Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 368 (6th Cir. 2004) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-377 (1976) and *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)); *see also Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.").

Plaintiff does not allege facts to show that Nagy was personally involved in the alleged sexual harassment, or that he was part of a conspiracy to coverup a constitutional violation. Nagy's only alleged involvement in the underlying incident was his denial of Plaintiff's Step II grievance. However, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

In sum, because "[p]articipation in the processing of administrative remedies does not expose a corrections employee to a claim that she acquiesced in the conduct

4

complained of[,]" *Israfil v. Parks*, No. 2:10-cv-132, 2011 U.S. Dist. LEXIS 66799, 2011 WL 2491516, at *2 (S.D. Ohio May 2, 2011), report and recommendation adopted, 2011 U.S. Dist. LEXIS 66811, 2011 WL 2491574 (S.D. Ohio June 22, 2011), Plaintiff's claim against Nagy must be dismissed for failure to state a claim.

## IV.

**IT IS THERFORE ORDERED** that the Complaint is **SUMMARILY DISMISSED** for Plaintiff's failure to state a claim.

s/Denise Page Hood
Denise Page Hood
United States District Court

Dated: March 21, 2025